**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DAVID M. ZENT**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KELVIN WHITBY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  02A03-1205-CR-226 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D06-1201-FD-90

**December 5, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Kelvin Whitby ("Whitby") appeals his sentence for class D felony domestic battery.[1]

We affirm.

## ISSUE

Whether Whitby's sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

## FACTS

The record before us[2] reveals that on January 15, 2012, Whitby, who was under the influence of alcohol, argued with Saqeena Middlebrook ("Middlebrook"), his girlfriend of four years. After Middlebrook repeatedly told Whitby to leave her alone, he slapped her face, causing her pain. Whitby also threatened Middlebrook with a knife and told her he was going to kill her. Middlebrook made an audio recording of the incident.

Thereafter, on January 20, 2012, the State charged Whitby with class D felony domestic battery. This charge was enhanced to a class D felony from a class A misdemeanor based on Whitby's prior conviction for domestic battery. Specifically, Whitby was convicted of domestic battery in 2008 for battering Middlebrook.

---

[1] Ind. Code § 35-42-2-1.3.

[2] The transcript of Whitby's guilty plea hearing is not included in the record on appeal. Therefore, to obtain facts relating to the commission of Whitby's crime, we refer to the probable cause affidavit in Appellant's Appendix and to the audio recording of the crime introduced as State's Exhibit 1 during the sentencing hearing.

On February 3, 2012, the trial court released Whitby on bond. Less than two weeks later, on February 15, 2012, the trial court revoked Whitby's bond because he had been arrested for domestic battery and invasion of privacy on February 12, 2012.[3]

On March 19, 2012, Whitby pled guilty, without a plea agreement, to the class D felony domestic abuse charge. The trial court held a sentencing hearing on April 19, 2012. During the hearing, the State played the audio recording of the domestic battery against Middlebrook and submitted that recording as an exhibit. The trial court found Whitby's guilty plea, acceptance of responsibility, remorse, and documented health issues[4] to be mitigating circumstances. The trial court found the following aggravating circumstances: (1) Whitby's criminal history, which included four felony convictions and three misdemeanor convictions between 1992 and 2011;[5] (2) his failed efforts at rehabilitation, including the revocation of his federal supervised release, revocation of a suspended sentence, and two revocations of probation; (3) the nature and circumstances of the crime as reflected in the audio recording of the crime; and (4) the impact on the victim. The trial court imposed a three (3) year sentence, with two (2) years executed in the Department of Correction and one (1) year suspended to probation. As part of his

---

[3] The probable cause affidavit for the new charges alleged that Whitby went to the home of an ex-girlfriend, who had a protective order against him, and then drank alcohol, smoked marijuana, and hit the ex-girlfriend in the stomach.

[4] Whitby's attorney stated that Whitby's medical history included diagnoses of bipolar disorder, schizophrenia, epilepsy, hypertension, stroke, and renal and brain cancer.

[5] Whitby's criminal history includes the following convictions: (1) a 1992 federal felony conviction for selling narcotics; (2) a 2000 class C misdemeanor conviction for resisting law enforcement; (3) a 2003 class C misdemeanor conviction for public intoxication; (4) a 2004 class D felony conviction for check fraud; (5) a 2004 class D felony conviction for check fraud; (6) a 2008 class D felony conviction for domestic battery; and (7) a 2009 class C misdemeanor conviction for resisting law enforcement.

probation, the trial court ordered Whitby to obtain violence counseling and substance abuse treatment.

<u>DECISION</u>

Whitby argues that his sentence of three (3) years with two (2) years executed and one (1) year suspended to probation was inappropriate. Whitby makes no suggestion as to what would constitute an appropriate sentence; instead, he merely asks this Court to "correct the sentence imposed by the trial court[.]" Whitby's Br. at 12.

We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of a Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Id.* at 1224.

In determining whether a sentence is inappropriate, the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. The sentencing range for a class D felony is between six (6) months and three (3) years, with the advisory sentence being one and one-half (1½) years. I.C. § 35-50-2-7. The trial court imposed a three (3) year sentence,

4

with two (2) years executed in the Department of Correction and one (1) year suspended to probation and ordered Whitby to obtain violence counseling and substance abuse treatment.

Regarding Whitby's offense, the record reveals that Whitby got drunk and argued with his girlfriend. Despite Middlebrook's repeated pleading for Whitby to leave her alone, Whitby struck her face and threatened to kill her. The nature of Whitby's offense is further exacerbated by the fact that he committed this same offense of domestic battery against Middlebrook in 2008.

As to Whitby's character, the record reveals that Whitby—who was fifty years old at the time of his offense—has amassed a criminal history that includes four felony convictions and three misdemeanor convictions since the age of thirty-one. Specifically, the presentence investigation report ("PSI") indicates that, in 1992, Whitby was convicted, in federal court, of selling narcotics. He was sentenced to eight years in the Federal Bureau of Prisons, with five years of supervised release. In 2000, he was convicted of misdemeanor resisting law enforcement and sentenced to six months of probation. As a result of the resisting law enforcement conviction, Whitby's federal supervised release was revoked, and he was ordered to serve eighteen months in federal prison.

Thereafter, in 2003, Whitby was convicted of public intoxication and sentenced to a 180-day suspended sentence with one year of unsupervised probation. In 2004, Whitby was convicted of two counts of class C felony fraud and sentenced to two years

suspended to probation on each conviction. Two years later, his probation was revoked, and he served two years in the Lake County Jail.

In December 2008, Whitby was convicted of class D felony battery for battering Middlebrook and was sentenced to one and one-half years suspended to probation. Three months later, in February 2009, while still on probation, Whitby was convicted of misdemeanor resisting law enforcement. As a result, his probation from the domestic battery conviction was revoked, and he was ordered to serve his one and one-half year sentence in the Department of Correction.

Whitby's criminal behavior was not curtailed even by the threat of criminal conviction in this cause. Indeed, the record reveals that while Whitby was released on bond in this matter, he was arrested for committing an additional domestic battery and invasion of privacy.

In support of his character, Whitby points to his health issues. The trial court acknowledged Whitby's history of health issues and considered them as a mitigating circumstance but pointed out that Whitby's criminal activity was not attributable to his health conditions. Specifically, the trial court stated that "in spite of [Whitby's] pretty serious and significant medical history it doesn't prevent [him] from harming people[.]" (Tr. 10).

Moreover, Whitby's extensive and prolonged history of alcohol and drug use with no history of attempted substance abuse treatment does not reflect positively on his character. The PSI indicates that Whitby admitted to the daily use of alcohol since the age of seven until the time of his arrest. Whitby also admitted to the daily use of

6

marijuana from age eleven to age forty, when he thereafter reduced his marijuana intake to once a week until the time of his arrest. Whitby further stated that he used cocaine for a couple of years in his 20's and admitted that he had used cocaine a couple of months before his arrest. Additionally, Whitby admitted that he became a member of the Gangster Disciples in Chicago when he was nine years old and continued until the age of thirty-five.

To be sure, Whitby's history of criminal activity, probation and supervised release violations, admitted illegal drug use and gang activity, and revocation of bond in this cause reflect poorly on his character and indicate nothing but a disregard for the law.

Whitby has not persuaded us that that his sentence is inappropriate. Therefore, we affirm the trial court's sentence.

Affirmed.

ROBB, C.J., and MAY, J., concur